UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

   v.

JOHN W. LAWTON, PARAMOUNT
PARTNERS, LP, and CROSSROAD
CAPITAL MANAGEMENT, LLC,

        Defendants.

**ORDER**
Civil No. 09-368  ADM/AJB

---

**TEMPORARY RESTRAINING ORDER
AND ORDER FOR ANCILLARY RELIEF**

Before the Court is Plaintiff Securities and Exchange Commission's ("SEC") Motion for a Temporary Restraining Order and Other Ancillary Relief [Docket No. 2] (the "Motion"). A hearing was held on February 18, 2009, at which time Adolph J. Dean Jr., James A. Davidson, Marlene B. Key, and Lonnie F. Bryan appeared on behalf of the SEC in support of the Motion. Defendant John W. Lawton ("Lawton") was not present but participated in the hearing by telephone. After discussion about the need for Lawton to appear in person and obtain legal counsel, the Court rescheduled the hearing to February 19, 2009, at 3:15 p.m. At the rescheduled hearing, John Neve appeared on behalf of Lawton and stated he had authority to represent Lawton, who had no objections to the entry of the temporary restraining order ("TRO") proposed by the SEC. No appearances were made on behalf of Defendants Paramount Parnters, LP ("Paramount") or Crossroad Capital Managment, LLC ("Crossroad"). There were no objections to entry of the TRO as to Paramount and Crossroad.

Based on the memorandum and declaration submitted in support of the Motion and the oral argument heard on February 18 and 19, 2009, the Court finds as follows:

1.  This Court has jurisdiction over the subject matter of this case. There is good cause to believe the Court will have jurisdiction over all parties hereto.

2.  There is good cause to believe that Lawton, Paramount, and Crossroad have engaged and are about to engage in transactions, practices and courses of business that violate Sections 17(a)(1), (2) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), (2) and (3)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

3.  There is good cause to believe that Lawton and Crossroad have engaged and are about to engage in transactions, practices and courses of business that violate Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1) and (2)].

4.  There is good cause to believe that Lawton and Crossroad have engaged and are about to engage in transactions, practices and courses of business that violate Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8].

5.  There is good cause to believe that Lawton has engaged and is about to engage in transactions, practices and courses of business that aid and abet violations of Sections 206(1) and (2) of the Advisers Act [15 U.S.C. § 80b-6(1) and (2)], Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8].

6.  There is good cause to believe that Lawton, Paramount, and Crossroad will continue to engage in such transactions, acts, practices and courses of business and in such

violations unless immediately restrained and enjoined by Order of this Court.

      7.      For these reasons, the relief set forth below is deemed appropriate.

**I.**      **TEMPORARY RESTRAINING ORDER**

      **A.**      **IT IS HEREBY ORDERED** that Lawton, Paramount and Crossroad, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, be and hereby are temporarily restrained and enjoined from violating, directly or indirectly, Section 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1), (2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

      1.      to employ any device, scheme or artifice to defraud;

      2.      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      3.      to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

      **B.**      **IT IS HEREBY ORDERED** that Lawton, Paramount and Crossroad, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, be and hereby are temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

    1.    to employ any device, scheme or artifice to defraud;

    2.    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    3.    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

    **C.**    **IT IS HEREBY ORDERED** that Lawton and Crossroad, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, be and hereby are temporarily restrained and enjoined from violating Sections 206(1) and (2) of the Advisers Act [15 U.S.C. § 80b-6(1) and (2)] by, while acting as an investment advisers, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, employing devices, schemes, and artifices to defraud clients and engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon clients.

    **D.**    **IT IS HEREBY ORDERED** that Lawton and Crossroad, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, be and hereby are temporarily restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8] by, while acting as an investment adviser to a pooled investment vehicle, by the use of the means and instrumentalities of interstate commerce and of the mails, making untrue statements of material fact or omitting to state a material fact necessary to make

the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle or otherwise engage in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

E.     **IT IS HEREBY ORDERED** that Lawton and his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, be and hereby are temporarily restrained and enjoined from aiding and abetting any violation of Sections 206(1) and (2) of the Advisers Act [15 U.S.C. § 80b-6(1) and (2)] by knowingly providing substantial assistance to any person who, while acting as an investment advisers, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, employs devices, schemes, and artifices to defraud clients and engages in transactions, practices, and courses of business which operate as a fraud or deceit upon clients.

F.     **IT IS HEREBY ORDERED** that Lawton, and his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, be and hereby are temporarily restrained and enjoined from aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8] by knowingly providing substantial assistance to any person who, while acting as an investment adviser to a pooled investment vehicle, by the use of the means and instrumentalities of interstate commerce and of the mails, makes untrue statements of material fact or omits to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle or otherwise engages in acts, practices,

or courses of business that are fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

**II.     ACCOUNTING**

    **A.     IT IS HEREBY ORDERED** that each Defendant shall make a sworn accounting to this Court within five (5) business days of the issuance of this Order in the manner set forth below.  The sworn accounting shall cover the period from January 1, 2001 to the present.

    **B.**     For each Defendant, the sworn accounting shall reflect the following:

        1.     the receipt and use of all assets, funds and property received, directly or indirectly, in connection with offers, sales or purchases of interests in Paramount;

        2.     the receipt and use of any fees, other compensation, and expense reimbursements received, directly or indirectly, in connection with offers, sales or purchases of interests in Paramount or in connection with the management of Paramount; and

        3.     for all funds identified in Paragraphs II.B.1 and II.B.2, a list of any and all accounts at any bank, broker, dealer, or other financial institution into which such funds have ever been deposited, including the name and address of the bank, broker, dealer, or other financial institution, the account name, and the account number.

    **C.**     For each Defendant, the sworn accounting shall further include a list of all of the Defendant's assets and liabilities, wherever such assets and liabilities are located.  For each such asset and liability, the accounting shall include: (1) a description of the asset or liability; (2) the

amount or value or the asset or liability; (3) the location of the asset or liability, including when appropriate the name and address of the bank, broker, dealer, or other financial institution in which the asset or liability is located, the account name, the account number, and the safe deposit box number; (4) the date the asset was acquired or the date the liability was incurred; and (5) whether the asset is encumbered and, if so, the nature of the encumbrance, including the identity of the creditor or lien-holder.

### III.    ASSET FREEZE

**IT IS HEREBY ORDERED** that until the expiration of this Order or as otherwise ordered by the Court:

1. All assets of Lawton, Paramount, and Crossroad are hereby frozen.

2. Accordingly, Lawton, Paramount, and Crossroad and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of the Order or of the terms of the asset freeze provisions contained herein are hereby restrained from, directly or indirectly, withdrawing, transferring, selling, pledging, encumbering, assigning, dissipating, concealing or otherwise disposing of, in any manner, any funds, assets, accounts or other property belonging to any Defendant.

3. Any bank, broker, dealer, or other financial institution or other person or entity holding any such funds or other assets referred to in this Order, in the name of, for the benefit of, or under the control of Lawton, Paramount, and/or Crossroad, and which receives notice of this Order or of the terms of the asset freeze provisions

contained herein, shall hold and retain within its control, and shall prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of, any such funds or other assets.

### IV. DOCUMENT PRESERVATION

**IT IS HEREBY ORDERED** that, until further order of this Court, Lawton, Paramount, and Crossroad, and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with them who receive notice of this order, are hereby temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible or irretrievable in any manner, any of the books, papers, electronically stored information, emails, or communications, records, documents, correspondence, handwritten notes, memoranda, ledgers, accounts, statements, files and other property in the possession, custody or control of any of the Defendants, that refer or relate to the allegations described in the Commission's Complaint. In addition, Defendants and Relief Defendants are prohibited from attempting to have any such evidence in the possession, custody, or control of third parties destroyed or compromised in any manner.

### V. EXPEDITED DISCCOVERY AND ANSWER

**IT IS HEREBY ORDERED** that:

A. Immediately upon entry of this Order, the parties may take depositions upon oral examination of parties and non-parties subject to three (3) business days' notice. All parties shall comply with the provisions of Rule 45 of the Federal Rules of

8

      Civil Procedure regarding issuance and service of subpoenas and documents sought from non-parties, and such non-parties shall be subject to at least three (3) business days notice. Parties failing to appear for a properly noticed deposition shall be prohibited from introducing evidence at a hearing on the Commission's request for a preliminary injunction.

**B.** Immediately upon entry of this Order, the parties shall be entitled to serve requests for the production of documents, requests for admissions, and interrogatories. Absent agreement of the parties or an order of this Court, the parties shall respond to such discovery requests within three (3) business days' of service.

**C.** Service of discovery requests shall be sufficient if made upon counsel of record or, if there is no counsel of record, upon the party itself, by both email and overnight courier delivery. All responses to the Commission's discovery, all discovery and pleadings, and all information to which the Commission is entitled pursuant to the terms of this Order shall be delivered to Adolph J. Dean, Jr., Securities and Exchange Commission, Chicago Regional Office, both by email (DeanA@sec.gov) and by overnight or messenger courier delivery (175 W. Jackson Blvd., Suite 900, Chicago, Illinois 60604, (312) 353-2606).

**D.** If any party to this action intends to present the testimony of any witness at the hearing on a preliminary injunction in this matter, that such party shall, at least three (3) business days prior to the scheduled date and time of hearing, serve on counsel for the other parties a statement of the name, address, telephone number

of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony.

**E.** Each Defendant shall each serve an Answer or otherwise respond to the Commission's Complaint within ten (10) days of service thereof. Should a party fail to serve an Answer or otherwise respond within this time, the Court shall, with respect to that party, deem the Commission's allegations admitted for purposes of the Commission's request for a preliminary injunction.

## VI. DURATION OF ORDER, PRELIMINARY INJUNCTION HEARING

**A.** The parties shall appear before this Court on March 3, 2009 at 1:30 p.m. in Courtroom 13W of the United States District Court for the District of Minnesota, Minneapolis, Minnesota, at which time a hearing shall be held with respect to the Commission's request for a preliminary injunction.

**B.** This Order shall continue to be in effect pending the March 3, 2009 hearing and subsequent order on the request for a preliminary injunction.

**C.** Defendants shall file and serve any papers in opposition to the Commission's request for injunctive relief no later than three (3) business days prior to any scheduled hearing.

**D.** Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, no security is required of the Commission.

  **E.**  This Court shall retain jurisdiction of this matter for all purposes.

               BY THE COURT:


               <u>  s/Ann D. Montgomery  </u>
               ANN D. MONTGOMERY
               U.S. DISTRICT JUDGE

Dated:  February 19, 2009.