**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Securities and Exchange Commission,

       Plaintiff,

  v.                                  **ORDER**
                                       Civil No. 09-368 ADM/AJB

John W. Lawton; Paramount Partners, LP;
Crossroad Capital Management, LLC,

       Defendants.

___

Adolph J. Dean, Jr., Esq., Eric M. Phillips, Esq., James A. Davidson, Esq., John E. Birkenheier, Esq., Marlene B. Key, Esq., U.S. Securities & Exchange Commission, Chicago, IL and Lonnie F. Bryan, Esq., United States Attorney's Office, Minneapolis, MN on behalf of Plaintiff.

John W. Lawton, pro se.

___

      This matter is before the undersigned United States District Judge for consideration of Defendant John W. Lawton's ("Lawton") Permission to File Motion to Reconsider [Docket No. 86] the Court's Order dated February 7, 2011 [Docket No. 79]. Even though the Court has not granted its permission, Lawton has also already filed his Motion to Reconsider [Docket No. 85]. For the reasons set forth below, no compelling circumstances exist for reconsideration. Permission to file the motion is denied and the motion itself is denied.

      The facts of this dispute are set forth at length in the Court's previous Orders and will not be restated here. The only relevant facts to consider at this procedural juncture are what "compelling circumstances" would justify granting permission to file a motion to reconsider. See L.R. 7.1(h). Lawton does not identify any compelling circumstances in either his request for permission or in his supporting declaration. The only mention of specific circumstances come in his actual Motion to Reconsider, where he argues that various failings of his attorneys constitute

compelling circumstances for reconsideration.  Lawton argues that the Court's February 7, 2011 Order was the result of "mistakes or inadvertance [sic] deriving from the failure of [Lawton]'s counsel, the failure of counsel to respond to the Court without excuse, the failure of counsel to zealously advocate for [Lawton]" and that such failings are "nothing less than extraordinary and exceptional."  Mot. to Reconsider at 8.

Lawton's displeasure with his representation is not a compelling circumstance that warrants reconsideration of the Court's Order.  First, without expressing any opinion of the quality of Lawton's representation, it is important to note that Lawton does not have a constitutional right to effective assistance of counsel in this civil case.  Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002) (noting that no constitutional or statutory right to effective assistance of counsel exists in a civil case).  Second, irrespective of any denials in the Answer or otherwise, Lawton himself signed a document three times that stated "Defendants hereby consent to the entry of the Order of Permanent Injunction in the form attached hereto . . . ."  Consent of Defs. [Docket No. 33].  That Order of Permanent Injunction read "solely for the purposes of [a motion regarding disgorgement, prejudgment interest, and civil penalties], the allegations of the Complaint shall be accepted as and deemed true by the Court."  July 13, 2009 Order of Permanent Injunction [Docket No. 34].  The motion was made and was granted in part and denied in part by the Court.  Given the procedural history here, Lawton's current regret after the entry of a multi-million dollar adverse judgment is not extraordinary, exceptional, or compelling.

Finally, Lawton had a full and fair opportunity, through the counsel of his own choosing, to litigate this case.  In fact, the counsel that he chose did litigate this case, opposing the motion brought by Plaintiff that led to the Order Lawton now wants reconsidered.  Now that the

litigation has produced a result unfavorable to Lawton, he is not entitled to a "redo" merely because in retrospect he is unhappy with the outcome and blames his attorneys.  Compelling circumstances have not been shown for permission to move for reconsideration.  As such, permission is denied, and the Motion to Reconsider is denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Lawton's Motion to Reconsider [Docket No. 85] is **DENIED**.

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 7, 2011.