UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Securities and Exchange Commission,

            Plaintiff,

   v.

John W. Lawton; Paramount Partners, LP;
Crossroad Capital Management, LLC,

            Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 09-368 ADM/AJB

_____

Adolph J. Dean, Jr., Esq., Eric M. Phillips, Esq., James A. Davidson, Esq., John E. Birkenheier, Esq., Marlene B. Key, Esq., U.S. Securities & Exchange Commission, Chicago, IL and Lonnie F. Bryan, Esq., United States Attorney's Office, Minneapolis, MN on behalf of Plaintiff.

John W. Lawton, pro se

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant John W. Lawton's ("Lawton") Motion to Amend, Alter or Vacate in Part Orders and Judgment by Court [Docket No. 91], Written Objections [Docket No. 90], and Motion for Relief [Docket No. 93]. For the reasons set forth below, all Lawton's motions are denied and his objections are overruled.

## II. BACKGROUND

The factual and procedural history of this case have been set forth at length in the Court's previous Orders and is incorporated here by reference. Relevant to the motions currently before the Court, Lawton signed a Consent [Docket No. 33] to an Order of Permanent Injunction [Docket No. 34]. Pursuant to that Order and Consent, the Securities and Exchange Commission (the "Commission") filed a motion for disgorgement and other monetary relief, which was

granted in part by Order [Docket No. 79] and Judgment [Docket No. 81] dated February 7, 2011. Subsequently, Lawton made several motions seeking reconsideration, to amend the complaint, vacate the judgment, and other relief. Lawton's motion for reconsideration having previously been denied, the Court now turns to the remaining motions.

### III. DISCUSSION

**A.     Motion to Amend, Alter or Vacate**

Lawton invokes Rule 60 of the Federal Rules of Civil Procedure in his Motion to Amend, Alter or Vacate in Part Orders and Judgment. Lawton's Motion also seeks an evidentiary hearing. Rule 60(b) permits courts to vacate an Order or Judgment due to mistake or inadvertence. Fed. R. Civ. P. 60(b)(1). Lawton argues that the Court's prior Orders were the result of mistake or inadvertence because the Court neglected to determine if it had jurisdiction over this matter. Lawton specifically argues that the Court did not have jurisdiction to freeze all of his assets because some of those assets were held by distinct legal entities, Lone Tree, LLC in particular, and some of those assets were derived from sources unrelated to the fraudulent securities transactions underlying the claims in this case.

Lawton's arguments are unavailing; the Court's prior Orders suffered no jurisdictional defects. Lawton admitted that the Court had both subject matter jurisdiction over this case and personal jurisdiction over him in his Consent [Docket No. 33] to the Order for Permanent Injunction. Having personal jurisdiction over him, the Court has authority to freeze all property under his actual and practical control. United States v. First Nat. City Bank, 379 U.S. 378, 384 (1965). Lawton owns Lone Tree, LLC. Lawton Aff. [Docket No. 92] ¶ 3. As such, it is under his control and the Court had authority to freeze its assets. Lawton's motion, therefore, is

denied.

B.      **Motion for Other Relief**

Lawton also invokes Rule 12(h)(3) of the Federal Rules of Civil Procedure in seeking "Other Relief." Lawton makes this motion on behalf of Lone Tree, LLC as its managing member. As a business entity, Lone Tree, LLC may not be represented pro se. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993) ("[A] corporation cannot appear pro se."); Greater St. Louis Const. Laborers Welfare Fund v. A.L.L. Const., LLC, No. 4:06-CV-988, 2007 WL 4233544, *1 (E.D. Mo. Nov. 28, 2007) (noting that limited liability company cannot proceed pro se). Lawton is not an attorney and therefore cannot file motions on behalf of Lone Tree. Therefore, the motion is denied.

C.      **Written Objections**

Lawton's "Written Objections" do not state to what they are objecting or ask for relief. While pro se filings are construed broadly, the Court is not required "to divine the litigant's intent and create claims that are not clearly raised." Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004). As such, the objections are overruled.

### IV.  CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.      Lawton's Motion to Amend, Alter or Vacate in Part Orders and Judgment by

        Court [Docket No. 91] is **DENIED**;

2.     Written Objections [Docket No. 90] are **OVERRULED**; and

3.     Lawton's Motion for Relief [Docket No. 93] is **DENIED**.

                                              BY THE COURT:


                                              s/Ann D. Montgomery
                                              ANN D. MONTGOMERY
                                              U.S. DISTRICT JUDGE

Dated: April 18, 2011.